**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BRYAN JOEL FLORES ULLOA,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center,

Respondent.

Case No.:  26cv1658 DMS BJW

**ORDER REQUIRING SUPPLEMENTAL BRIEFING; APPOINTING COUNSEL SUA SPONTE**

Pending before the Court is Petitioner's petition for writ of habeas corpus. (Pet., ECF No. 1.)  Respondent filed a return to the Petition. (Return, ECF No. 4.)  Petitioner did not file a traverse.

Petitioner, a native and citizen of Honduras, entered the United States without inspection on April 29, 2018. (*Id.* at 2.)  He was placed into removal proceedings pursuant to 8 U.S.C. § 1229a. (*Id.*)  Then, on July 2, 2025, he was taken into custody by Immigration and Customs Enforcement, after his release from criminal confinement. (*Id.*)  An immigration judge ordered Petitioner to be removed on December 4, 2020, which Petitioner appealed to the Board of Immigration Appeals ("BIA"). (*Id.*)  The BIA affirmed the removal order on February 2, 2026. (*Id.*)  Petitioner then appealed the BIA's decision

1

26cv1658 DMS BJW

to the Ninth Circuit which, on March 2, 2026, issued a temporary stay on removal.  (*Id.*) The Ninth Circuit appeal is ongoing.

Petitioner contends his detention has become unconstitutionally prolonged and raises concerns about the conditions of his confinement.  (Pet. 6–7.)  Respondent argues Petitioner's final removal order became administratively final on February 2, 2026 when the BIA dismissed Petitioner's appeal, and therefore, Petitioner must be detained pursuant to 8 U.S.C. § 1231.  (Return 2–3.)  However, Petitioner cannot be detained under § 1231. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" (referred to as the "removal period").  28 U.S.C. § 1231(a)(1)(A).  An alien must be detained during the 90-day removal period.  *Id.* § 1231(a)(2).  "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the] court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." *Avilez v. Garland*, 69 F.4th 525, 531 (9th Cir. 2023) (citing 8 U.S.C. § 1231(a)(1)(B)(i)– (iii)).  "If an alien has filed a petition for review with [the] court and received a judicial stay of removal, the 'removal period' under § 1231(a) does not begin until [the] court 'denies the petition and withdraws the stay of removal.'"  *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 947 (9th Cir. 2008) (citation omitted).  Here, Petitioner's removal period has not begun, and so, he cannot be detained under § 1231(a).

Respondent also contends Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), but does not substantively address Petitioner's claims of prolonged detention or the conditions of his confinement.  (*See* Return 5.)  Accordingly, the Court **ORDERS** Respondent to file a supplemental return, no later than **May 6, 2026**, at **4:30 PM**, addressing whether Petitioner's detention has become unconstitutionally prolonged and whether the conditions of his confinement are unlawful.  Petitioner may file a reply no later than **May 13, 2026**, at **4:30 PM**.  Further, the Court **APPOINTS** the Federal Defenders of San Diego, Inc., to represent Petitioner in this case.  The Court finds that the

26cv1658 DMS BJW

interests of justice require that Petitioner, who seeks relief under 28 U.S.C. § 2241, receive representation. *See* 18 U.S.C. § 3006A(a)(2). Petitioner shall file proof of qualification for appointed counsel no later than the deadline for Petitioner's reply brief.

**IT IS SO ORDERED.**

Dated: April 29, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26cv1658 DMS BJW