**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN JOEL FLORES ULLOA, | Case No.:  26cv1658 DMS BJW |
| Petitioner, | **ORDER DENYING PETITION** |
| v. | |
| CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, | |
| Respondent. | |

This case comes before the Court on the Petition for Writ of Habeas Corpus.  In the Petition, which Petitioner filed pro se, he asserted his continued detention was unconstitutional.[1]  In response to the Petition, Respondents stated Petitioner was properly detained under 8 U.S.C. § 1231(a) and the removal period had not yet expired.  Respondents also mentioned Petitioner was properly subject to mandatory detention under

---

[1] Petitioner also alleged his continued detention was affecting his mental health, and the conditions inside Otay Mesa Detention Center were unsanitary.  Conditions of confinement claims are not cognizable on habeas.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)) (stating civil rights action is "proper method of challenging 'conditions of … confinement.'")  Therefore, the Court does not address those claims further.

1

8 U.S.C. § 1226(c).  Following the filing of the Return, the Court appointed counsel to represent Petitioner and requested supplemental briefing from the parties.  In their supplemental brief, Respondents argued Petitioner was subject to mandatory detention under § 1226(c).  To the extent the Court considered Petitioner's due process challenge to his mandatory detention, Respondents asserted that challenge would fail under the tests set out in both *Lopez v. Garland*, 631 F.Supp.3d 870 (E.D. Cal. 2022), and *Banda v. McAleenan*, 385 F.Supp.3d 1099 (W.D. Wash. 2019).  In his supplemental brief, filed with the assistance of counsel, Petitioner argued the case law supported his due process claim based on prolonged detention, even under § 1226(c), and that under any of the applicable tests, Petitioner was entitled to release or a bond hearing.  After considering the parties' arguments, the record, and the relevant legal authority, the Court denies the Petition.

Petitioner is a native and citizen of Honduras.  (Return, Ex. 1.)  He entered the United States without inspection on April 29, 2018.  (*Id.*)  He was placed in removal proceedings and ordered removed on December 4, 2020.  (Return, Ex. 2.)  Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), which dismissed Petitioner's appeal on February 2, 2026.  (*Id.*)  Petitioner appealed that decision to the Ninth Circuit, which granted Respondents' motion for summary disposition on June 26, 2026.  *See Flores v. Blanche*, United States Court of Appeals for the Ninth Circuit, Case No. 26-1177, ECF No. 14.1.

At some point after being ordered removed, Petitioner was released from immigration custody.  In November 2024, he was charged in this Court with one count of alien smuggling.  *See United States v. Flores-Ulloa*, Case No. 24cr2720 W, ECF No. 1.  On March 3, 2025, after entering a guilty plea, Petitioner was sentenced to 8 months in custody followed by 2 years of supervised release.  *Id.*, ECF No. 32.  After serving that sentence, Petitioner was transferred to the custody of the Department of Homeland Security.  He is currently detained at Otay Mesa Detention Center, where he has been held since July 2, 2025.

26cv1658 DMS BJW

The parties appear to agree Petitioner is detained under 8 U.S.C. § 1226(c). Respondents assert detention under this statute "is constitutional so long as detention serves its purported immigration purpose." (Respt.'s Supp. Br. at 3.) However, they also acknowledge that prolonged detention may violate due process if the government unreasonably delays pursuing or completing removal proceedings or is detaining the individual "for any reason other than seeking to protect the public and facilitate [ ] removal." (*Id.* at 4.) Petitioner responds he is entitled to raise a due process challenge to his detention, and under the relevant factors, he is entitled to either release or a bond hearing. (Pet.'s Supp. Br. at 2-5.)

In a recent case, the Court addressed a similar fact pattern involving a due process claim raised by an individual in detention pursuant to § 1226(c). *See Alrikabi v. LaRose*, Case No. 26cv2561 DMS (VET). In that case, the Court applied the test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to the petitioner's due process claim, and concluded the petitioner had not shown a due process violation under that test. Applying that test here results in the same conclusion.

As in *Alrikabi*, the first *Mathews* factor weighs in favor of Petitioner as he has a right to be free from government imprisonment, and that right is being affected by his continued detention.

The second and third factors, however, weigh in favor of Respondents. As in *Alrikabi*, Petitioner does not dispute he is properly detained under § 1226(c).[2] He also does not address whether he took advantage of a "*Joseph* hearing" before an immigration judge. Unlike in *Alrikabi*, Petitioner here has not been afforded a bond hearing, but on its face, § 1226(c) does not afford detainees a right to a bond hearing. Given the procedures that were available to Petitioner, and the absence of any evidence that he took advantage of those

---

[2] In a footnote, Petitioner states he is not being removed as a result of any criminal convictions, (Pet.'s Supp. Br. at 3 n.2), but the record suggests otherwise. In particular, it appears Petitioner was transferred to immigration custody after completion of his criminal sentence in accordance with § 1226(c), which concerns the commission of deportable offenses.

procedures, this factor weighs in favor of Respondents.  The third factor, too, weighs in favor of Respondents for the reasons set out in *Alrikabi*.

Considering the *Mathews* factors, the parties' arguments, the record, and the relevant legal authority, the Court finds Petitioner has not shown he is being detained in violation of his due process rights.  Accordingly, the Petition is denied.  The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated:  July 9, 2026

Hon. Dana M. Sabraw
United States District Judge

4

26cv1658 DMS BJW